UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| Araceli Cadenas<br><br>**PLAINTIFF,**<br><br>v.<br><br>Butterfield Health Care Group, Inc. and Butterfield Health Care II, Inc. d/b/a Meadowbrook Manor of Naperville<br><br>**DEFENDANTS** | |

Plaintiffs Araceli Cadenas hereby alleges against Defendants Butterfield Health Care Group, Inc. and Butterfield Health Care II, Inc. d/b/a Meadowbrook Manor of Naperville the following:

## I.  PARTIES

1. Plaintiff Araceli Cadenas is an Illinois resident residing at 13341 Allyn Street in Plainfield, Illinois.

2. Defendant, Butterfield Health Care Group, (hereafter "Butterfield Health Care" is an Illinois corporation in good standing that provides healthcare services.

3. Upon information and belief, Butterfield Health Care is the parent company and/or affiliated company of Butterfield Health Care, Inc. d/b/a Meadowbrook Manor of Naperville.

4. Defendant, Butterfield Health Care, Inc. d/b/a Meadowbrook Manor of Naperville (hereafter "Butterfield Health Care II") is an Illinois corporation operating as a nursing home facility and located at 720 Raymond Drive in Naperville, Illinois.

## II.    JURISDICTION AND VENUE

5. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended, for employment discrimination. Jurisdiction is specifically conferred on this Court by 42 U.S.C. Section 2000e(5). Equitable and other relief are also sought under 42 U.S.C. Section 2000e(5)(g). Jurisdiction is also based on 28 U.S.C. Sections 1331, 1343 and 42 U.S.C. Sections 1981 et seq.

## FACTUAL BACKGROUND

6. On September 12, 2011, Plaintiff commenced her employment at Butterfield Health Care II.

7. Plaintiff worked at least 40 hours a week at a rate of $10.00 per hour for weekdays and $12.00 per hour for weekends at Butterfield Health Care II.

8. Plaintiff occasionally worked overtime as required by her supervisors.

9. On May 5, 2012, Plaintiff provided a letter from her physician, Dr. Dawne Collier, that restricted her from lifting, pushing, or pulling any weight over 20 pounds.

10. This letter was provided to an agent of Butterfield Health Care II named Joan Soppi. See Exhibit A.

11. Joan Soppi informed Plaintiff that she would not be able to work with any restrictions and requested that Plaintiff obtain a letter from her doctor without any restrictions.

12. On May 17, 2012, Plaintiff arrived to work but did not see her name on the May 17, 2012 work schedule.

13. After inquiring about the absence of her name on the scheduled, Plaintiff was informed by a co-worker that Joan Soppi had told her that Plaintiff had called off from work.

14. After proceeding to Joan Soppi's office, Plaintiff provided a new letter from Dr. Dawne Collier to Joan Soppi that stated that the weight restrictions would not be in effect until Plaintiff reached 20 weeks of her pregnancy. See Exhibit B.

15. At the time of meeting with Joan Soppi, Plaintiff was in her fifteenth week of her pregnancy.

16. Plaintiff was told by Joan Soppi that the new letter would be considered her resignation letter.

17. Plaintiff did not agree that she had resigned and wished to continue working at Defendant Butterfield Care II.

18. At no time did Plaintiff sign any document agreeing that she had resigned or verbally state to any party that she had resigned.

19. Plaintiff filed charges with the Equal Employment Opportunity Commission regarding the Defendants' discriminatory conduct on June 22, 2012.

20. The Equal Employment Opportunity Commission sent the attached "Notice of Right to Sue" which Plaintiff received on June 30, 2012. See Exhibit C.

## BASIS OF CLAIMS

21. The discriminatory acts that are the basis of this suit are Defendant Butterfield Health Care II's termination of Plaintiff's employment.

## COUNT I

## Violation of Title VII of the Civils Rights Act of 1964 (Pregnancy Discrimination Act of 1978)

Plaintiff sues Defendants and alleges:

22. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 -21 above as if each were more fully set forth herein.

23. Plaintiff is a pregnant female and is a member of a protected class pursuant to Title VII of the Civil Rights Act of 1964 as amended by the Pregnancy Discrimination Act of 1978.

24. Plaintiff is qualified for a position as a Certified Nurse Assistant based upon her experience and academic training.

25. Plaintiff was terminated by Defendants because she was a pregnant female.

26. That Plaintiff lost wages and the opportunity to be covered under a new health insurance program provided by Butterfield Health Care II.

## COUNT II

### Violation of the Illinois Record Review Act, 820 ILCS 40/2

Plaintiff sues Defendants and alleges:

27. That Plaintiff requested her personnel file from Defendants through counsel by fax on May 22, 2012.

28. That Plaintiff again requested her personnel file from Defendants through counsel on June 29, 2012 by fax.

29. That Plaintiff's counsel left five voice messages for Joan Soppi during a five week period from May 22, 2012 to June 29, 2012 pursuant to Plaintiff's personnel file request.

30. That none of the voice messages left by Plaintiff's counsel were returned by Joan Soppi or any other representative of Defendants.

31. That Defendants have willfully and knowingly failed to provide Plaintiff Araceli Cadenas' personnel file pursuant to the Illinois Record Review Act, 820 ILCS 40/2.

32. That Defendants violated the Illinois Record Review Act, 820 ILCS 40/2 by failing to provide Plaintiff's personnel file or request an extension within seven days.

33. That Plaintiff has not received her personnel file as of the date of the filing of her complaint.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays that judgment be entered as follows:

A) That Plaintiff be awarded $50,000 in compensatory damages and $5000 in punitive damages.

B) That Plaintiff be awarded $200 plus costs, reasonable attorney's fees, and actual damages pursuant to the Illinois Record Review Act, 820 ILCS 40/2

C) That Plaintiff be granted such further relief as the Court deems appropriate.

The Plaintiff requests a jury trial on all issues.

        For the Plaintiff

        Araceli Cadenas

        By her attorney,

        s/Wilton A. Person

        _____

        Wilton A. Person

ARDC # 6290441
Wilton A. Person
Attorney for the Plaintiff
24330 Leski Lane
Plainfield, Illinois 60585
(815) 254-2467