UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Araceli Cadenas

**PLAINTIFF,**

**v.**

Butterfield Health Care Group, Inc. and
Butterfield  Health Care II, Inc. d/b/a
Meadowbrook Manor of Naperville

**DEFENDANTS**

**Case No. 12 cv 7750**
Hon. John J. Tharpe Jr.

<u>**PLAINTIFFS LOCAL RULE 56.1(b)(3)(C) STATEMENT OF
ADDITIONAL MATERIAL FACTS**</u>

Plaintiff, Araceli Cadenas, by and through her attorney, Wilton A. Person, hereby

submits her Local Rule 56.1(b)(3)(C) Statement of Additional Material Facts:

**A. Araceli Cadenas' Employment with Defendant Meadowbrook Manor**

1. Araceli Cadenas, hereafter, "Cadenas" worked for Defendant Butterfield Health Care

II, Inc. d/b/a Meadowbrook Manor of Naperville, "hereafter" Defendant as a Certified

Nursing Assistant from September 20, 2011 until she suffered an adverse employment

action on May 17, 2012. Pl. Ex. B, Soppi Dep. Pg. 27: 8-22; Pl. Ex. A., Cadenas Excerpt

Dep. Pg. 6: 13-18[1]; Pl. Exhibit F, see also Defendant's Tab B, Deposition Ex. 5. CAD

000001, Def. Memo pg. 6, Fn. 4.

2.  On September 20, 2011, Cadenas was provided an employee handbook when she was

hired by Defendant. Defendant's Tab A, Cadenas Dep. Ex. 2.

---

[1] The court is advised that Araceli Cadenas' excerpt deposition, labeled as Pl. Ex. A  is
numbered pps 1-14 and should not be confused with the page numbering for Defendant's
Tab A Deposition of Cadenas although the examination was conducted on the same day.

3.  There was not any information within Defendant's employee handbook provided to Cadenas about Defendant's "light duty policy". Pl. Ex. B, Soppi Dep, Pg. 14: 20-22, Pg. 15: 1-3, Pg. 16: 2-5; Pl. Ex. A, Cadenas Dep. Pg. 5: 17-21; Ex. K, Dec. of Araceli Cadenas, Pg. 1, ¶6.

4.  There was not any information within Defendant's handbook about the presentation of a doctor's letter being considered a voluntary resignation by Defendant. Pl. Ex. K, Dec. of Araceli Cadenas, Pg. 1:¶7; Pl. Ex. E, see also Defendant's Tab C, Exhibit A, CAD 0000139.

5.  During Cadenas' employment with Defendant, Defendant never held any seminars regarding its "light duty" policies. Pl. Ex. K, Dec. of Araceli Cadenas, Pg. 1, ¶8.

6.  Cadenas first learned of Defendant's "light duty" policy after becoming pregnant and presenting Defendant's Human Resource Director, Joan Soppi, hereafter, "Soppi" on May 7, 2012 with a letter from her doctor requesting work restrictions. Pl. Ex. K, Dec. of Araceli Cadenas, Pg. 1, ¶8.

7.  Cadenas was considered to be a good worker by Defendant. Pl. Ex. B, Soppi Dep. Pg. 16: 22, Pg. 17: 1.

8.  Cadenas did not have any instances of employee performance problems. Pl. Ex. B, Soppi Dep. Pg.17: 8-9.

**B. Cadenas' Pregnancy and Dr. Dawn Collier's First Letter**

9. Cadenas presented Soppi with a letter requesting work restrictions from her obstetrician, Dr. Dawn Collier, on May 7, 2012. Pl. Ex. A., Cadenas Excerpt Dep. Pg. 8: 13-17.

10. Soppi was aware that Araceli Cadenas was pregnant. Pl. Ex. B, Soppi Dep. pg. 17: 10-22.

11. On May 7, 2012, Soppi advised Cadenas that she would need to obtain a note without any restrictions in order for Cadenas to continue working for Defendant. Pl. Ex. A, Cadenas Excerpt Dep. Pg. 5:13-16.

12. Soppi told Cadenas that she could continue to work through the end of the week. Pl. Ex. A, Cadenas Dep. Pg. 8: 13-20; Pl. Ex. H, Def. Response to Plaintiff's Second Request to Produce.

13. On May 11, 2012, Soppi left a voice message reminding Cadenas about obtaining a second letter from her doctor that did not have any work restrictions. Pl. Ex. B, Soppi Dep Pg. 20: 5-11, Pg. 21: 20-22, Pg. 22:1-14; Defendant's Tab A, Cadenas Dep. Pg. 84, 11-24, Pg. 85: 1; Defendant's Tab C, Exhibit C; see also Pl. Exhibit F.

14. Soppi was aware that Cadenas continued to work after she was presented with the first letter from Dr. Collier. Defendant's Tab C, Exhibit C; see also Pl. Exhibit F; Pl. Ex H, Def. Response to Plaintiff's Second Request to Produce.

15. Cadenas' next scheduled work date after May 13, 2012 was May 15, 2012. Pl. Ex. A, Cadenas Excerpt Dep. Pg. 7:18, Def. 56.1 Statement ¶37.

16. On the morning of May 15, 2012, Cadenas called off from work because she had scheduled a doctor's appointment to comply with Soppi's request for a letter without work restrictions. Pl. Ex. A, Cadenas Excerpt Dep. Pg. 1:12; Pl. Ex. K, Dec. of Araceli Cadenas, Pg. 1-2, ¶¶16-18.

17. Defendant's Meadowbrook Manor's policy was that a certified nursing assistant may call off work if he or she calls at least two hours before the certified nursing assistant's start time. Pl. Ex. K, Dec. of Araceli Cadenas, Pg. 2, ¶18.

18. At the May 15, 2012 doctor's appointment, Cadenas requested and received a second letter from Dr. Collier that removed all work restrictions to comply with Soppi's request. Pl. Ex. B, Soppi Dep. Pg. 26: 1-14; Pl. Ex. A, Cadenas Excerpt Dep. Pg. 11: 22-24; Pl. Ex. D.

**C. Araceli Cadenas' Termination and Doctor Dawn Collier's Second Letter**

19. On May 17, 2012, Cadenas presented the second letter from Dr. Collier without work restrictions to Soppi who responded that she had to "let her go" because the second letter said that the work restrictions would be placed back on at twenty weeks pregnant.

*801(2)(d)Hearsay Exception Admission by a Party Opponent.*

20. Soppi admitted that she never sent any notice that Araceli Cadenas was terminated or that she considered her to be resigned. Pl. Ex. B, Soppi Dep. Pg. 33: 18-21.

**D. Termination of Employment-Meadowbrook Manor Employee Manual**

21. Defendant's employee handbook states that an employee may be disciplinarily discharged, may voluntarily resign, may be considered to have abandoned his or her employment by missing three consecutive work days, or may be laid off for economic reasons. Pl. Ex. E, see also Defendant's Tab C, Exhibit A,CAD 0000139.

22. Araceli Cadenas did not voluntarily resign her CNA position with Defendant. Cadenas Excerpt Dep. Pg. 11: 15-20.

**E. Araceli Cadenas is Terminated because of her Pregnancy**

23. A personnel change form would not be final until the administrator Patty Stambaugh signed the personnel change form. Pl. Ex. B, Soppi Dep. Pg. 16:22, Pg. 17: 1.

24. Upon receipt of Dr. Collier's second letter without employment work restrictions, Soppi, as the primary decision maker for Defendant, had the authority to allow Cadenas to continue working. Pl. Ex. B, Soppi Dep Pg. 4: 8-16.

25. Joan Soppi was aware that Araceli Cadenas did not have any work restrictions on May 17, 2012. Pl. Ex. B, Soppi Dep Pg. 26: 1-14.

**F. Similarly Situated Certified Nursing Assistants**

26. Yesenia Alvarez, Ronet Mondee, Wendy Horan, and Esmerald Ortega were all non pregnant females employed by Defendant who did not suffer an adverse employment action on May 17, 2012 because of the because of the possibility of future work restrictions. presentation of a Doctor's letter without work restrictions. Pl. Ex. K, Dec. of Araceli Cadenas, P.3, ¶25.

27. Kenneth Reyes was a male Certified Nursing Assistant employed by Defendant who did not suffer an adverse employment action on May 17, 2012 because of the possibility of future work restrictions. Pl. Ex. K, Dec. of Araceli Cadenas P.3, ¶26.

**G. Shifting and Inconsistent Explanations**

28. At her April 11, 2013 deposition, Soppi stated that Defendant had voluntarily resigned Cadenas from her position as a certified nursing assistant. Pl. Ex. B, Soppi Dep Pg. 23:1-22, Pg. 24:1-14.

29. Araceli Cadenas did not verbally tell Joan Soppi that she was resigning. Cadenas Excerpt Dep. Pg. 11:15-20.

30. Araceli Cadenas did not issue a resignation letter in writing to Joan Soppi or any other Defendant employee. Pl. Ex. B, Soppi Dep Pg.24:

4-14; Cadenas Excerpt Dep. Pg. 11: 15-20.

31. Even after reading the language regarding "voluntary resignations" in Defendant's Employee Handbook, Soppi maintained that the Defendant had "voluntarily resigned" Cadenas. Pl. Ex. B, Soppi Dep. Pg. 31: 10-22, Pg. 31:1-7., See generally, Pl. Ex. J, Defendant's Answer to ¶16 of Cadenas' Complaint.

32. Soppi admitted that the second letter from Cadenas's doctor that she considered to be Cadenas' resignation letter was not written by Cadenas. Pl. Ex. B, Soppi Dep., Pg. 32:5-11.

33. On February 5, 2013 at Cadenas' Illinois Department of Employment Security Unemployment Hearing, Soppi stated under oath and subject to cross examination that she had "termed" Araceli Cadenas. Pl. Ex. K, Dec. of Araceli Cadenas, Pg. 3, ¶32.

34. Defendant has conceded that Cadenas suffered an adverse employment action. Def. Memo. pg. 6, Fn. 4.

35. Araceli Cadenas was willing and able to perform all job duties without restrictions as a Certified Nursing Assistant working on behalf of Defendant on May 17, 2012. Pl. Ex. B, Soppi Dep. Pg. 24:15-22, Pg. 25: 1-2, Pg. 26:1-14; Cadenas Excerpt Dep. Pg. 11, 22-24, Pg. 12: 1-12; Pl. Ex. C.

36. Defendant's own business records reflect that Cadenas worked for five additional days after Soppi received the first doctor's letter. Pl. Ex. H, Def. Response to Plaintiff's Second Request to Produce.

37.  Defendant's personnel change form has a space for the employee's signature but the

     form was not signed by Cadenas.  Pl. Ex. F.

38.  Soppi was the Defendant's primary decision maker who hired and fired certified

     nursing assistants. Pl. Ex. B, Soppi Dep Pg. 4: 8-16.

39.  Soppi admitted in her deposition that she would need to remove Cadenas from the

     schedule because of the receipt of the first doctor's letter with work restrictions. Pl. Ex.

     B, Soppi Dep. Pg. 18: 18-22, 22: 1-10.



                                                    Respectfully submitted,

                                                    Araceli Cadenas

                                                    By: /s/ Wilton A. Person
                                                    _____
Wilton A. Person                                      Attorney for Plaintiff
*Attorney for Plaintiff*
The Law Office of Wilton A. Person
24330 Leski Lane
Plainfield, Illinois
815-254-2467

Dated: August 22, 2013

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Araceli Cadenas

**PLAINTIFF,**

**v.**

Butterfield Health Care Group, Inc. and
Butterfield  Health Care II, Inc. d/b/a
Meadowbrook Manor of Naperville

**DEFENDANTS**

**Case No. 12 cv 7750**
Hon. John J. Tharpe Jr.

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2013, I electronically filed the foregoing Plaintiffs
**PLAINTIFFS LOCAL RULE 56.1(b)(3)(C) STATEMENT OFADDITIONAL
MATERIAL FACTS** with the Clerk of Court using the CM/ECF system, which will
send notification of the filing to the following:

Mary Ellen Vales
Ross H. Friedman
Morgan, Lewis & Bockius LLP
77 West Wacker Drive |
Chicago, IL 60601-5094

s/Wilton A. Person
_____

Wilton A. Person, Attorney for Plaintiff